UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>WATSON PHARMACEUTICALS, INC.<br><br>Defendant. | Civil Action No.<br>11-CV-7464 (AJN)<br>ECF Case |

## JOINT DISMISSAL AGREEMENT AND [PROPOSED ORDER]

WHEREAS Plaintiff Medicis Pharmaceutical Corporation ("Medicis") brought this action asserting infringement of United States Patent No. 7,981,909 ("the Medicis Patent");

WHEREAS Paddock Laboratories, Inc. ("Paddock") submitted to the United States Food and Drug Administration ("FDA") Abbreviated New Drug Application No. 90-490 ("the Paddock ANDA") seeking approval to market and sell a generic ciclopirox 1% shampoo ("the Paddock Ciclopirox Product") before the expiration of the Medicis Patent;

WHEREAS, on or about November 24, 2009, the FDA approved the Paddock ANDA for the marketing and sale of the Paddock Ciclopirox Product;

WHEREAS, on or about July 26, 2011, Perrigo Company, Inc. ("Perrigo") purchased Paddock, including all rights, title, and interest in and to the Paddock ANDA and the Paddock Ciclopirox Product;

WHEREAS Perrigo also entered into an agreement with Watson Pharmaceuticals, Inc. ("Watson") whereby Watson acquired a portfolio of Paddock products, including the Paddock Ciclopirox Product;

WHEREAS, pursuant to a manufacturing and supply agreement, Perrigo currently supplies Watson with the Paddock Ciclopirox Product;

WHEREAS Medicis and Watson are parties to litigation in this Court relating to the Medicis Patent and the Paddock Ciclopirox Product ("the Litigation");

WHEREAS Medicis and Watson have entered into a License and Settlement Agreement pursuant to which they have resolved the Litigation;

WHEREAS the Court has made no factual or legal findings with regard to the Medicis Patent or the Paddock Ciclopirox Product;

WHEREAS final settlement of the Litigation serves the public interest by saving judicial resources and avoiding risks and uncertainties to Medicis and Watson associated with litigation;

WHEREAS final settlement of the Litigation will permit Medicis and Watson to save litigation costs, as well as adhere to the judicially recognized mandate that encourages the settlement of litigation whenever possible;

NOW, THEREFORE, Medicis and Watson stipulate that:

1. Watson, on behalf of itself and its subsidiaries and affiliates, admits that the Paddock Ciclopirox Product that is the subject of the Paddock ANDA would, in the absence of the license granted by Medicis in the License and Settlement Agreement, infringe the Medicis Patent.

2. Watson and its subsidiaries and affiliates are permanently enjoined as of the date hereof from infringing, or inducing others to infringe, the Medicis Patent through the manufacture, use, offer to sell, sale, importation, or distribution of any current or future products not included in the license granted by Medicis in accordance with the License and Settlement Agreement.

3. All claims and counterclaims in this action are dismissed with prejudice.

4. Each party shall bear its own costs, expenses, and attorneys' fees in connection with this action.

5. The parties waive any right of appeal from this Joint Dismissal Agreement and Order.

6. This Court shall retain jurisdiction of this action and over Medicis and Watson for purposes of enforcement of the terms and obligations of this Joint Dismissal Agreement and Order and the parties' License and Settlement Agreement.

Dated: February 22, 2012

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
|---|---|
| *Andrew M Berdon (by AMF)* | *[signature]* |
| Andrew M. Berdon | Norman E.B. Minnear |
| 51 Madison Avenue, 22nd Floor | 1633 Broadway |
| New York, New York 10010 | New York, New York 10019 |
| Phone: (212) 849-7000 | Phone: (212) 506-1700 |
| Fax:   (212) 849-7100 | Fax:   (212) 506-1800 |
| andrewberdon@quinnemanuel.com | jminnear@kasowitz.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Medicis Pharmaceutical Corporation* | *Watson Pharmaceuticals, Inc.* |

IT IS SO ORDERED

Dated: New York, New York
_____, 2012

ALISON J. NATHAN
United States District Judge